IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| M.A.,[1] <br><br>       Plaintiff, <br><br> vs. <br><br> MARTIN J. O'MALLEY, <br> Commissioner of Social Security, <br><br>       Defendant. | Case No. 3:23-cv-00169-RRB <br><br> **ORDER REMANDING FOR** <br> **PAYMENT OF BENEFITS** <br> **(Docket 10)** |

## I. INTRODUCTION

Claimant, M.A., filed an application for Social Security Disability Insurance benefits ("SSDI") on June 5, 2014. Claimant has exhausted her administrative remedies and seeks relief from this Court.[2] She argues that the determination by the Social Security Administration ("SSA") that she is not disabled, within the meaning of the Social Security Act ("the Act"),[3] is not supported by substantial evidence and that the Administrative Law

---

[1] Plaintiff's name is partially redacted pursuant to Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available at* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Dockets 1, 10.

[3] 42 U.S.C. § 423; 42 U.S.C. § 1381.

Judge ("ALJ") committed legal errors. Claimant seeks a reversal of the decision by the SSA and a remand for calculation of benefits.[4]

The Commissioner of the SSA ("Commissioner") filed an answer to the complaint and an answering brief in opposition.[5] Claimant has replied.[6] For the reasons set forth below, Claimant's Motion for Remand at **Docket 10** is **GRANTED,** the Commissioner's final decision is **VACATED,** and the case is **REMANDED** to the SSA for payment of benefits.

## II. PROCEDURAL HISTORY

Claimant filed her application for SSDI on June 5, 2014, alleging disability beginning March 11, 2014.[7] Following an initial denial, ALJ Paul Hebda held two hearings on June 30, 2015,[8] and March 21, 2016.[9] Non-examining medical expert, Robert Sklaroff, M.D., as well as Claimant and a vocational expert ("VE") testified at the second hearing. ALJ Hebda issued the first ALJ decision denying benefits on September 13, 2016.[10] Claimant appealed the matter to this Court, and the Honorable Timothy M. Burgess issued a lengthy order on October 22, 2018, remanding the matter for further proceedings.[11]

On remand, ALJ Hebda held a third hearing on September 24, 2019, and took testimony from a VE and a new non-examining physician, Jack Lebeau, M.D.[12] Claimant

---

[4] Docket 10.
[5] Docket 12.
[6] Docket 13.
[7] Tr. 294–96.
[8] Tr. 47.
[9] Tr. 17.
[10] Tr. 238.
[11] Tr. 1116–1162.
[12] Tr. 1059.

*M.A. v. O'Malley*  Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits  Page 2
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 2 of 18

was not given an opportunity to testify at the 2019 hearing.[13] Now represented, Claimant's representative followed up the hearing with a written explanation of the relevant listings, including specific record citations to medical evidence supporting the listings.[14] Nevertheless, ALJ Hebda denied benefits for a second time on October 31, 2019.[15] Once again, ALJ Hebda found that "there are no medical signs or laboratory findings to substantiate the existence of fibromyalgia."[16]

Claimant's representative filed written exceptions to the 2019 decision.[17] On December 17, 2020, the Appeals Council remanded the matter to be heard by a new ALJ.[18] The Appeals Council noted that Claimant's Date Last Insured was incorrect in the last opinion, and that the ALJ had not considered Claimant's post-hearing brief.[19]

On October 5, 2021, ALJ C. Howard Prinsloo held a fourth hearing.[20] He took testimony from another VE, Susan Foster. He did not take testimony from the Claimant or from a medical expert.[21] ALJ Prinsloo issued a third denial of benefits on October 21, 2021.[22] Claimant now appeals this 2021 decision.

---

[13] Docket 10 at 10.
[14] Tr. 1447.
[15] Tr. 1172–1183.
[16] Tr. 1175 (citing SSRs 12-2p 2012 WL 3104869, and 16-3p).
[17] Tr. 1293–96.
[18] Tr. 1196–97.
[19] Id.
[20] Tr. 1025.
[21] Id.
[22] Tr. 1001–13.

M.A. v. O'MalleyCase No. 3:23-cv-00169-RRB
Order Remanding for Payment of BenefitsPage 3
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 3 of 18

## III. ALJ DECISION

The Commissioner has established a five-step process for determining disability within the meaning of the Act.[23] A claimant bears the burden of proof at steps one through four in order to make a prima facie showing of disability[24] If a claimant establishes a prima facie case, the burden of proof then shifts to the agency at step five.[25]

Applying the 5-step process, the ALJ concluded that: **Step 1**, Claimant had not engaged in substantial gainful activity from her alleged onset date of March 11, 2014, through her date last insured of December 31, 2019; **Step 2**, Claimant suffered from severe impairments, including cervicalgia, degenerative disc disease of the cervical and lumbar spine, morbid obesity, and occipital neuralgia; and **Step 3**, Claimant's severe impairments did not meet any medical listings.[26]

Before proceeding to Step 4, a claimant's residual functional capacity ("RFC") is assessed. RFC is the most someone can do despite their mental and physical limitations.[27] In determining a claimant's RFC, the ALJ must base findings on "all of the relevant medical and other evidence," including a claimant's testimony regarding the limitations imposed by her impairments.[28] This RFC assessment is used at both Step Four

---

[23] 20 C.F.R. § 404.1520(a)(4).
[24] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1096 n.1 (9th Cir. 2014) (quoting *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007)); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).
[25] *Treichler*, 775 F.3d at 1096 n.1.
[26] Tr. 1003–05.
[27] *Berry v. Astrue*, 622 F.3d 1228, 1233 (9th Cir. 2010); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).
[28] 20 C.F.R. § 404.1545(a)(3).

*M.A. v. O'Malley*     Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits     Page 4
Case 3:23-cv-00169-RRB    Document 14    Filed 02/29/24    Page 4 of 18

and Step Five.[29] In evaluating her RFC, the ALJ concluded that Claimant had the capacity to perform light work, "except the claimant is able to sit, stand, and/or walk for 3 hours at a time and up to a total of 8 hours in an 8-hour workday."[30] She was precluded from climbing ladders, ropes, or scaffolds, and must avoid unprotected heights.[31] This conclusion was very similar to ALJ Hebda's decision, which found that Claimant had the RFC to perform medium work, and was limited to "sitting, standing and walking for up to three hours at a time for a total of six hours each during an eight-hour workday," with similar limitations regarding heights.[32] At **Step 4**, the ALJ found that Claimant could perform her past relevant work as a Case Manager/Case Worker.[33] Accordingly, the ALJ did not reach **Step 5.**

## IV. DISCUSSION

### A. Standard of Review

> Disability is defined in the Act as:
>
> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.[34]

---

[29] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).
[30] Tr. 1006. Elsewhere in the opinion, the ALJ notes that Dr. Sklaroff opined that Claimant was capable of "medium exertion with reduced standing, walking, and sitting to 3 hours each at a time or 6 hours each in an 8-hour workday with normal breaks." Tr. 1010.
[31] Tr. 1006.
[32] Tr. 1177.
[33] Tr. 1012.
[34] 42 U.S.C. § 423(d)(1)(A).

*M.A. v. O'Malley*  Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits  Page 5
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 5 of 18

The Act provides for the payment of disability benefits to individuals who have contributed to the social security program and who suffer from a physical or mental disability.[35] Specifically:

> An individual shall be determined to be under a disability only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.[36]

A decision by the Commissioner to deny disability benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error.[37] "Substantial evidence" has been defined by the United States Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[38] Such evidence must be "more than a mere scintilla," but also "less than a preponderance."[39] In making its determination, the Court considers the evidence in its entirety, weighing both the evidence that supports and that which detracts from the ALJ's

---

[35] 42 U.S.C. § 423(a).
[36] 42 U.S.C. § 423(d)(2)(A).
[37] *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).
[38] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).
[39] *Perales*, 402 U.S. at 401; *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

*M.A. v. O'Malley*             Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits           Page 6
Case 3:23-cv-00169-RRB    Document 14    Filed 02/29/24    Page 6 of 18

conclusion.[40] If the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.[41] Courts "review only the reasons provided by the ALJ and may not affirm the ALJ on a ground upon which he did not rely."[42] If an ALJ commits legal error, courts will uphold the decision if it is harmless.[43] An error is harmless if it is "inconsequential to the ultimate nondisability determination."[44]

**B.      Issues on Appeal**

Claimant argues that the ALJ's decision is not supported by substantial evidence and that the ALJ committed legal errors in denying her benefits. Specifically, she contends that the record demonstrates that her pain "prevented her from attending work on a full-time basis prior to her alleged onset date and had not improved appreciably, even after two surgeries and a variety of other treatments, at the time of her date last insured."[45] She complains that the ALJ has failed to acknowledge progressively aggressive treatment, including surgery, steroid injections, microcurrent therapy, branch block injections, radiofrequency ablation, and consideration for an intrathecal pump due to her ongoing pain.[46] She states that she has been "unable to work since she left work due to her

---

[40] *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).
[41] *Gallant v. Heckler*, 753 F.2d 1450, 1452–53 (9th Cir. 1984).
[42] *Garrison*, 759 F.3d 995, 1010 (9th Cir. 2014).
[43] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).
[44] *Id.* (citation omitted).
[45] Docket 10 at 1.
[46] Docket 13 at 4 (citing Tr. 700, 796, 1708, 542, 543, 550, 544, 561, 1862).

*M.A. v. O'Malley*　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits　　　　　　　　　　　　　　　　　　Page 7
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 7 of 18

symptoms in March 2014."[47] The record reflects that she was "administratively separated for medical reasons."[48]

### 1. Fibromyalgia

Notably absent from the 2021 decision is a finding of fibromyalgia. Rather, ALJ Prinsloo, like ALJ Hebda, found that Claimant's diagnosis of fibromyalgia failed to satisfy SSA criteria as outlined in Social Security Ruling 12-2p,[49] which sets forth "objective requirements necessary to establish the presence of fibromyalgia as a medically determinable impairment."[50] As the ALJ explained, fibromyalgia constitutes a medically determinable impairment for purposes of SSDI when a diagnosis is supported by:

> (a) A history of widespread pain, meaning pain in all quadrants of the body and axial skeletal pain that has persisted for at least 3 months;
>
> (b) Either 11 or more tender points on physical examination[51] **or** repeated manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;[52] and
>
> (c) Evidence that other disorders which could cause these repeated manifestations of symptoms, signs, or co-occurring conditions have been ruled out.[53]

---

[47] Docket 10 at 16.
[48] Tr. 1122.
[49] https://www.ssa.gov/OP_Home/rulings/di/01/SSR2012-02-di-01.html (last visited February 21, 2024).
[50] Tr. 1004.
[51] Based on 1990 ACR Preliminary Diagnostic Criteria.
[52] Based on 2010 ACR Preliminary Diagnostic Criteria.
[53] Tr. 1004.

The ALJ found that even if Claimant met the first two criteria, a result which he found dubious, "the record lacks evidence of exclusion of other disorders," as required by the third prong.[54]

The Court finds a number of problems with the ALJ's analysis of fibromyalgia. First, the ALJ's general finding that other diseases or conditions were not ruled out lacks any citation to the medical record. Rather, the ALJ relied on the transcribed testimony of non-examining medical experts Dr. Sklarof (2016) and Dr. Lebeau (2019).[55] Dr. Sklaroff testified that there was "no evidence of additional corroborating objective finding to support a diagnosis of fibromyalgia." But the Ninth Circuit has clearly and repeatedly held that objective findings are not required, indeed they are not even possible, for a fibromyalgia diagnosis. Rather, a fibromyalgia diagnosis relies "entirely on the basis of patients' reports of pain and other symptoms," and "there are no laboratory tests to confirm the diagnosis."[56] The condition is a diagnosis of exclusion. The ALJ erred by "effectively requir[ing] 'objective' evidence for a disease that eludes such measurement."[57] It is "diagnosed, in part, by evidence showing that another condition does not account for a patient's symptoms."[58]

Relying on Dr. Lebeau's testimony, the ALJ suggests that all other possibilities must be ruled out *prior* to a diagnosis of fibromyalgia.[59] But SSR 12-2p

---

[54] Tr. 1004.
[55] Id.
[56] *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).
[57] *Id*. at 594.
[58] *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017) (citing SSR 12-2P at *3).
[59] Tr. 1004. Testifying that there was "no documentation that other disorders and diseases were ruled out prior to attaching a fibromyalgia diagnosis."

*M.A. v. O'Malley*     Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits     Page 9
Case 3:23-cv-00169-RRB    Document 14    Filed 02/29/24    Page 9 of 18

requires only that in order to show fibromyalgia is a medically determinable impairment *for purposes of Social Security Disability*, there must be "(e)vidence that other disorders that could cause the symptoms or signs were excluded." Dr. Armstrong first diagnosed fibromyalgia in 2007 after finding 12 of 18 tender points on exam.[60] Although this early diagnosis, standing alone, does not meet the SSR 12-2p criteria, neither does it negate the subsequent medical records that diagnose fibromyalgia and rule out a host of other conditions. Claimant alleges disability beginning March 11, 2014. The fact that the initial fibromyalgia diagnosis seven years earlier was not adequate to establish a medically determinable impairment for Social Security Disability purposes is a non-issue.

The ALJ focused on Claimant's performance in physical examinations showing that "despite complaints of chronic back pain, the claimant exhibited relatively normal lumbar spine range of motion, normal strength and muscle tone, normal motor abilities with all four extremities, and negative straight leg raise."[61] But the Ninth Circuit has explained that "examinations that had mostly normal results, such as an X-ray and MRIs of [claimant's] neck and back, as well as the nerve conduction and velocity study of her hands," and records showing that claimant "exhibited normal muscle strength, tone, and stability, as well as a normal range of motion," is evidence of examination results that are "perfectly consistent with debilitating fibromyalgia."[62]

---

[60] Tr. 950.
[61] Tr. 1008.
[62] *Revels*, 874 F.3d at 666.

*M.A. v. O'Malley*  
Order Remanding for Payment of Benefits  
Case No. 3:23-cv-00169-RRB  
Page 10  
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 10 of 18

Moreover, no single medical record is likely to discuss all other possibilities that were "ruled out." Rather, one must extrapolate from the medical records whether other possibilities were explored. The ALJ's opinion is unintentionally helpful in this regard. In concluding that Claimant's "allegations of disabling physical symptoms appear out of proportion with the workup findings," the ALJ highlighted multiple MRI results from 2012 to 2019. In concluding that a May 2015 lumbar spine surgery effectively resolved her pain, the ALJ acknowledges the need for another similar surgery in January 2019.[63] The ALJ discusses EMG and nerve conduction studies, finding the normal results failed to yield a finding of carpal tunnel syndrome.[64] In short, these records reviewed in detail by the ALJ are evidence of various treating providers' attempts to find other explanations or treatments for Claimant's chronic pain.

### 2. Comorbid conditions

Although fibromyalgia is a "diagnosis of exclusion," that does not mean that an individual cannot also be diagnosed with other conditions in addition to fibromyalgia. Claimant also was diagnosed with cervicalgia, degenerative disc disease of the cervical and lumbar spine, morbid obesity, and occipital neuralgia.[65] The Ninth Circuit has explained that "SSR 12-2p does not require fibromyalgia to be a stand-alone impairment . . . And

---

[63] Tr. 1007.
[64] Tr. 1004.
[65] Tr. 1003.

multiple circuits, including this court, have found . . . related MDIs to co-exist with fibromyalgia," including arthritis, obesity, degenerative disc disease, and depression.[66]

### 3. Credibility

Closely related to the ALJ's findings regarding fibromyalgia are his findings regarding Claimant's credibility. The ALJ used the extensive medical testing yielding vague or negative results to impugn Claimant's credibility, arguing that "claimant's statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent with the longitudinal evidence."[67]

But Claimant argues that the ALJ failed to give specific, clear, and convincing reasons for rejecting her allegations about the impact of her impairments on her functioning, as required by the Ninth Circuit.[68] Moreover, an ALJ many not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."[69]

In his October 2018 decision remanding this matter for further proceedings, Judge Burgess also found error with that ALJ's credibility findings, noting that "the ALJ was provided with nine years of medical records.[70] [Accordingly, f]ocusing on a single

---

[66] *Swales v. Saul*, 852 F. App'x 253, 255 (9th Cir. 2021) (citing *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017)) (arthritis, obesity, fibromyalgia); *Romero v. Colvin*, 563 F. App'x 618, 619 (10th Cir. 2014) (degenerative disc disease, depression, obesity, fibromyalgia); *Arakas v. Comm'r*, 983 F.3d 83, 94 (4th Cir. 2020) (degenerative disc disease and fibromyalgia).
[67] Tr. 1008.
[68] Docket 10 at 3 (citing *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)).
[69] *Id*. at 494–95.
[70] Tr. 1155–1159.

*M.A. v. O'Malley*     Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits     Page 12
Case 3:23-cv-00169-RRB    Document 14    Filed 02/29/24    Page 12 of 18

clinical note and one point in time was error."[71] Judge Burgess faulted the prior ALJ for relying on Dr. Sklarof's 2016 opinion testimony that Claimant did not need a cane, explaining that the fact that Claimant's cane was "not prescribed" did not support discrediting Claimant's testimony regarding her need for a cane, particularly in light of Claimant's undisputed severe impairments of back impairment and obesity, as well as numerous treatment records acknowledging her use of a cane when noting her "antalgic gait."[72] On remand, the new ALJ made the same error, relying on Dr Sklaroff's opinion testimony when finding that Claimant's use of a cane without a prescription was not medically necessary and impacted her credibility.[73]

Judge Burgess also concluded that the ALJ's decision not to include a significant walking limitation in the RFC was not supported by substantial evidence.[74] The current ALJ then made the same finding as the prior ALJ with respect to Claimant's ability to walk, finding she could walk for 3 hours at a time and up to a total of 6 or 8 hours in an 8-hour workday,[75] repeating the error. Similarly, although Judge Burgess found that the ALJ's conclusion that Claimant's "ability to ride a recumbent bike for two to three months in 2015 was not a clear and convincing reason to discount her testimony,"[76] the current ALJ made the exact same finding.[77]

---

[71] Tr. 1159 (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (a reviewing court "may not affirm simply by isolating a specific quantum of supporting evidence.")).
[72] Tr. 1153–55.
[73] Tr. 1009.
[74] Tr. 1155.
[75] Tr. 1006.
[76] Tr. 1158.
[77] Tr. 1010.

Finally, no physician indicated concerns of malingering by Claimant at any point in time. Therefore, it was appropriate and reasonable for them to take Claimant's self-reports into consideration.[78]

 4. **Law of the case**

Finally, the Court finds error with the ALJ's decision because it fails to acknowledge the law of the case in this matter.[79] Judge Burgess already has provided a roadmap on remand, including an extensive summary of the medical records and the prior hearing testimony, identifying multiple errors by the prior ALJ.[80] The decision used the word "fibromyalgia" dozens of times.[81] Specifically, Judge Burgess found that the ALJ had failed to acknowledge extensive complaints of symptoms which constituted objective medical evidence of fibromyalgia;[82] the ALJ had failed to address any treating physicians' opinions that contradicted those of Dr. Sklaroff;[83] the ALJ failed to acknowledge the VE testimony—at two hearings—that an individual with chronic, moderately severe pain would not be capable of full-time employment at any exertion level;[84] and therefore, Judge Burgess concluded, the ALJ did not adequately consider Claimant's fibromyalgia in determining her RFC.[85] Despite this guidance, the new ALJ simply repeated the errors of

---

[78] *Ryan*, 528 F.3d at 1200.
[79] "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (finding as a matter of first impression that both the law of the case doctrine and the rule of mandate apply in the social security context.).
[80] Tr. 1146–62.
[81] Tr. 1116–62.
[82] Tr. 1150.
[83] Tr. 1152.
[84] Tr. 1152 (citing Tr. 44, 69–70).
[85] Tr. 1153.

*M.A. v. O'Malley* Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits Page 14
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 14 of 18

the first ALJ, including citing to the same testimony of the same non-examining medical experts who testified before the first ALJ.

C. Conclusion

Claimant was diagnosed with fibromyalgia in 2007 when her rheumatologist found 12 out of 18 fibromyalgia tender points.[86] Claimant was seen numerous times for symptoms she associated with fibromyalgia over the years, and doctors referenced her "history of fibromyalgia" to explain a lack of other explanation for various symptoms.[87] In 2013, she received "microcurrent treatments" for fibromyalgia.[88] In January 2014, her medical provider assessed a number of conditions ***in addition to*** fibromyalgia, including cervical degenerative disc disease with facet arthropathy, congenital lumbar stenosis with facet arthropathy, and occipital neuralgia due to "severe neck pain, low back pain, leg pain, and arm pain," concluding that her "chronic pain can only be managed and will continue to have days where the increased pain will prevent meaningful work."[89] Such findings suggest her physicians were exploring all possibilities. Some back and neck problems were resolved with surgery in 2015,[90] but her fibromyalgia and joint pain persisted.[91] In 2016, after her alleged onset date, Dr. Johnson at Algone Pain Center noted Claimant's fibromyalgia exam was "positive for 13 or more tender points."[92]

---

[86] Tr. 1123–24 (citing Tr. 950).
[87] Tr. 565, 578.
[88] Tr. 542, 543, 550.
[89] Tr. 489–92.
[90] Tr. 743, 786, 877–81, 885–87.
[91] Tr. 897–99.
[92] Tr. 975.

*M.A. v. O'Malley*  Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits  Page 15
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 15 of 18

The Court observes, and the Commissioner does not dispute, that Claimant's medical records document "a history of widespread pain . . . that has persisted for at least 3 months," satisfying the first prong of SSR 12-2p. As for the second prong, Claimant has shown 11 or more tender points on multiple physical examinations.[93] With respect to the third requirement, the ALJ's conclusion that "other disorders which could cause these repeated manifestations of symptoms, signs, or co-occurring conditions" had not been ruled out is not supported by the record for the reasons discussed herein.[94]

Additionally, the ALJ's findings regarding Claimant's credibility were not supported by "specific, clear, and convincing reasons," a failure made worse by failing to take any testimony from Claimant, and by repeating the same mistakes as the prior ALJ.

Finally, the ALJ ignored the testimony of multiple vocational experts who opined that an individual with chronic, moderately severe pain would be unable to maintain full-time employment at any exertion level,[95] and that employers will not tolerate being off task more than ten percent of the time.[96]

### D. Instructions on Remand

As explained above, a decision of the Commissioner to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error. Having carefully reviewed the administrative record, including extensive medical records, the Court concludes, based upon the record as a whole, that the ALJ's

---

[93] Tr. 950, 975.
[94] Tr. 1004.
[95] Tr. 44, 69–70.
[96] Tr. 1058.

decision denying disability benefits to Claimant was not supported by substantial evidence for the reasons discussed in this Order.

If the district court finds error in an ALJ's decision, the court may remand the case for additional evidence or remand for payment of benefits.[97] In determining whether the case should be remanded for further proceedings, the court should assess whether those proceedings would be useful and whether outstanding issues are unresolved.[98] Further proceedings are useful when conflicts or ambiguities in the record must be resolved, requiring further development of the record.[99] "[I]f we conclude that no outstanding issues remain and further proceedings would not be useful, we may . . . [find] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'"[100]

The Court has reviewed the administrative record and finds that it is adequately developed. Moreover, as the date last insured has now passed, there is no additional medical evidence that could change the course of this matter. Two ALJs have had four hearings, three written orders, and almost a decade to give proper consideration to this case. Instead, they have issued opinions that ignore caselaw and internal rulings regarding the consideration of fibromyalgia, ignored direct instructions from the U.S.

---

[97] *Trevizo v. Berryhill*, 870 F.3d 664, 682 (9th Cir. 2017).
[98] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1099, 1105 (9th Cir. 2014).
[99] *Id.* at 1101.
[100] *Id.* (citations omitted).

*M.A. v. O'Malley*   Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits   Page 17
Case 3:23-cv-00169-RRB   Document 14   Filed 02/29/24   Page 17 of 18

District Court, overlooked VE testimony, and unfairly demeaned Claimant's credibility. This Court declines to remand this matter yet again.

Claimant argues that "if the improperly rejected evidence were credited, the ALJ would have had to have found that Plaintiff remained unable to sustain full-time employment through and beyond her date last insured."[101] This Court agrees. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."[102] The Court finds that the record, taken as a whole, leaves "not the slightest uncertainty" that Claimant became disabled when she stopped working on March 11, 2014.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Claimant's motion at **Docket 10** is **GRANTED** and this matter is **REMANDED** for payment of benefits.

IT IS SO ORDERED this 29th day of February, 2024, at Anchorage, Alaska.

                                                       */s/ Ralph R. Beistline*
                                                       RALPH R. BEISTLINE
                                       Senior United States District Judge

---

[101] Docket 10 at 15.
[102] *Fair v. Bowen*, 885 F.2d at 603.

*M.A. v. O'Malley*                                                                                             Case No. 3:23-cv-00169-RRB
Order Remanding for Payment of Benefits                                                  Page 18
Case 3:23-cv-00169-RRB     Document 14     Filed 02/29/24     Page 18 of 18